

**U.S. Department of Justice**

United States Attorney
District of Maryland
Southern Division

RECEIVED OCT 2 3 2013

---

*Robert K. Hur*
*Assistant United States Attorney*
*Robert.Hur@usdoj.gov*

*Mailing Address:*
*6500 Cherrywood Lane, Suite 200*
*Greenbelt, MD 20770-1249*

*Office Location:*
*6406 Ivy Lane, 8th Floor*
*Greenbelt, MD 20770-1249*

DIRECT: 301-344-0190
MAIN: 301-344-4433
FAX: 301-344-4516

October 22, 2013

John Chamble, Esq.
Branch Chief
Office of the Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770

\_\_\_\_ FILED  \_\_\_\_ ENTERED
\_\_\_\_ LOGGED  \_\_\_\_ RECEIVED

NOV 1 3 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Re:  United States v. Reginald Anthony Lasley,
     Criminal Nos. PJM-12-568 and PJM-98-011

Dear Mr. Chamble:

This letter, together with the Sealed Supplement, confirms the plea agreement that has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). **The agreement will be presented to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).** If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by October 23, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offenses of Conviction

1. The Defendant agrees to plead guilty to Counts One through Four of the Information pending against him in Crim. No. PJM-12-0568, which charges him with three counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951. The Defendant also agrees to admit the violations set forth in the pending petition and supplemental petition alleging violations of the terms of his supervised release in Crim. No. PJM-98-011. The Defendant admits that he is, in fact, guilty of these offenses and violations and will so advise the Court.

### Elements of the Offenses

2. The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

   a. **Counts One through Three (bank robbery)**. First, that on the dates specified in the Information, the banks specified in the Information were federally insured banks. Second, that the defendant took money that belonged to or was in the care, custody,

control, management or possession of the banks from the person or in the presence of another. Third, that the defendant did so by force and violence or by acting in an intimidating manner.

    b.  **Count Four (interference with commerce by threats or violence).** First, that the defendant knowingly obtained or took the personal property of another, or from the presence of another. Second, that the defendant took this property against the victim's will, by actual or threatened force, violence, or fear of injury. Third, that as a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

Penalties

  3.  The maximum sentence provided by statute for each of the offenses to which the Defendant is pleading guilty is as follows: *[handwritten: For each count. PJ RKH CC]*

    a.  **Counts One through Four:** imprisonment for a maximum of 20 years, followed by a term of supervised release of three years, and a fine of $250,000. In addition, the Defendant must pay $100 for each count as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked--even on the last day of the term--and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

    b.  **Petitions on Supervised Release Violation**: imprisonment for a maximum of two years, followed by a term of supervised release of three years, less any term of imprisonment imposed upon revocation of supervised release, pursuant to 18 U.S.C. §§ 3583(e)(3) and 3583(h).

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be

admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

      h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.    The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551 through 3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.    This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and set forth the following agreed-upon and disputed applicable sentencing guidelines factors:

      a.    **Count One (bank robbery).** The base offense level is **20**, pursuant to U.S.S.G. § 2B3.1(a). A **2**-level increase applies pursuant to U.S.S.G. § 2B3.1(b)(1), because the property of a financial institution was taken. The adjusted offense level for Count One is **22**.

      b.    **Count Two (bank robbery).** The base offense level is **20**, pursuant to U.S.S.G. § 2B3.1(a). A **2**-level increase applies pursuant to U.S.S.G. § 2B3.1(b)(1),

because the property of a financial institution was taken. The adjusted offense level for Count Two is **22**.

    c. <u>**Count Three**</u> **(bank robbery)**. The base offense level is **20**, pursuant to U.S.S.G. § 2B3.1(a). A **2**-level increase applies pursuant to U.S.S.G. § 2B3.1(b)(1), because the property of a financial institution was taken. The adjusted offense level for Count Three is **22**.

    d. **Count Four (interference with commerce by threats or violence)**. The base offense level is **20**, pursuant to U.S.S.G. § 2B3.1(a). A **4**-level increase applies pursuant to U.S.S.G. § 2B3.1(b)(2), because a dangerous weapon was otherwise used. A **2**-level increase applies pursuant to U.S.S.G. § 2B3.1(b)(4), because a person was physically restrained to facilitate commission of the offense or to facilitate escape. A **1**-level increase applies pursuant to U.S.S.G. § 2B3.1(b)(7)(B), because the loss exceeded $10,000 but did not exceed $50,000. The adjusted offense level for Count One is **27**.

    e. Counts One through Four do not group under U.S.S.G. § 3D1.2. Count Four has the highest offense level of **27**. Count Four adds one unit, pursuant to U.S.S.G. § 3D1.4(a). Counts One, Two, and Three each add ½ unit (for a total of 1½ units), because each is 5 to 8 levels less serious than Count Four. The additional 2½ units correspond to an increase of **3** levels, pursuant to U.S.S.G. § 3D1.4. The combined adjusted offense level for Counts One through Four is **30**.

    f. This Office does not oppose a **2**-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. The final offense level is **27**.

    g. **Petition on Supervised Release, Grade A Violation** (Crim. No. PJM-98-011, filed March 22, 2012). Because the Defendant falls within criminal history category VI for purposes of revocation of supervised release, the range of imprisonment applicable upon revocation is 33 to 41 months, pursuant to U.S.S.G. § 7B1.4(a). Because the offense that resulted in the term of supervised release was a Class C felony, the statutorily

authorized maximum term of imprisonment that is imposable upon revocation is **24 months**, which is substituted for the applicable range. 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.4(b)(1).

        h.    **Supplemental Petition on Supervised Release, Grade A Violation** (Crim. No. PJM-98-011, filed April 18, 2012). Because Defendant falls within criminal history category VI for purposes of revocation of supervised release, the range of imprisonment applicable upon revocation is 33 to 41 months, pursuant to U.S.S.G. § 7B1.4(a). Because the offense that resulted in the term of supervised release was a Class C felony, the statutorily authorized maximum term of imprisonment that is imposable upon revocation is **24 months**, which is substituted for the applicable range. 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.4(b)(1).

        i.    The sentence as to the petitions on supervised release should be served <u>consecutively</u> to the sentence imposed for Counts One through Four. U.S.S.G. §§ 7B1.3(f), Application Note 4, and 5G1.3, Application Note 3(C).

        7.    The Defendant understands that there is <u>no</u> agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

        8.    This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range and application of the 18 U.S.C. § 3553(a) factors, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines or in 18 U.S.C. § 3553(a) will be raised or are in dispute.

<u>Stipulation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)</u>

        9.    The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **216 months (18 years) of imprisonment** is the appropriate disposition of this case. The sentence shall consist of the following: As to Counts One through Four of the Information, a term of incarceration of **192 months (16 years)**, to be served concurrently with each other; and as to the Petition and Supplemental Petition on Supervised Release, a term of incarceration of **24 months (2 years)** for each petition, to be served concurrently with each other and consecutively to the sentence imposed for Counts One through Four of the Information. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Obligations of the United States Attorney's Office and the State's Attorney's Office

10. If the Court accepts this plea agreement and imposes the agreed-upon term of imprisonment, this Office and the State's Attorney's Office for Montgomery County, Maryland will dismiss all open counts against the Defendant.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts that this Office and the State's Attorney's Office for Montgomery County, Maryland have agreed to dismiss at sentencing, and the petitions that the United States Probation Office has agreed to withdraw at sentencing.

### Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except the Defendant reserves the right to appeal any term of imprisonment that exceeds the statutory maximum sentence.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Restitution

13. The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

## Obstruction or Other Violations of Law

14. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (I) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties. The State's Attorney's Office for Montgomery County, Maryland has agreed to be bound by this letter, if and only if the Defendant fully and

completely complies with all terms and provisions of this letter. If the Court accepts the plea agreement and imposes the agreed-upon sentence, the State's Attorney's Office for Montgomery County, Maryland will pursue no further criminal charges arising out of the events described in the factual stipulation attached hereto.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Robert K. Hur
Assistant United States Attorney


I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

10/25/13
Date

Reginald Anthony Lasley

I am Reginald Lasley's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

10/25/13
Date

John Chamble, Esq.